FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 8 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JARED SANTIAGO, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                              No. 4:21-cv-**428-JM**

                                                                           **DEFENDANT**
**UNITED PARCEL SERVICE, INC.**      This case assigned to District Judge _Moody_
                                     and to Magistrate Judge _Kearney_

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jared Santiago ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against United Parcel Service, Inc. ("Defendant"), he does hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

## II.   JURISDICTION AND VENUE

2.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.   Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as her FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.   Defendant conducts business within the State of Arkansas.

5.   Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.   Plaintiff was employed by Defendant within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7.   Plaintiff is an individual and a resident of Saline County.

8.   Defendant is a foreign, for-profit corporation.

9.   Defendant's registered agent for service of process is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

10.   Defendant, in the regular course of business, maintains a website at https://www.ups.com/us/en/global.page? .

## IV.   FACTUAL ALLEGATIONS

11.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12.   Defendant provides packaging and shipping services.

13.   Defendant had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

14.   Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as vehicles and machinery such as forklifts.

15.   Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

16.   Within the three years preceding the filing of this lawsuit, Defendant has continuously employed at least four employees.

17.   At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA and the AMWA.

18.   Plaintiff was employed by Defendant from June of 2013 until the present as a Hub Operations Supervisor.

19.   Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

20.   Defendant also employed other Hub Operations Supervisors.

21.    Defendant also classified other Hub Operations Supervisors as salaried employees, exempt from the overtime requirements of the FLSA.

22.    At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

23.    At all relevant times herein, Defendant directly hired Hub Operations Supervisors to work at its jobsites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24.    As a Hub Operations Supervisor, Plaintiff's duties consisted of unloading and sorting packages, and facilitating the unloading and sorting of packages from trucks.

25.    Other Hub Operations Supervisors had similar duties to Plaintiff.

26.    Plaintiff and other Hub Operations Supervisors did not hire or fire any other employee.

27.    Plaintiff and other Hub Operations Supervisors were not asked to provide input as to which employees should be hired or fired.

28.    Plaintiff and other Hub Operations Supervisors did not exercise discretion or independent judgment as to matters of significance.

29.    Plaintiff's and other Hub Operations Supervisors' primary duties were repetitive, rote or mechanical tasks which were subject to close review and management.

30.    Plaintiff and other Hub Operations Supervisors sought input from their supervisors in lieu of making significant decisions on their own.

31.    In carrying out their duties, Plaintiff and other Hub Operations Supervisors followed the processes set by Defendant and others.

32.    Plaintiff regularly worked over forty hours each week.

33.    Plaintiff estimates he regularly worked approximately 55 to 60 hours per week.

34.    Specifically, Plaintiff's regular schedule required him to work from 3:00 pm until 12:00 a.m. or later, Monday through Friday.

35.    Upon information and belief, other Hub Operations Supervisors had similar schedules and worked a similar number of hours to Plaintiff.

36.    Plaintiff and other Hub Operations Supervisors performed their work on Defendant's premises.

37.    Defendant knew or should have known that Plaintiff and other Hub Operations Supervisors were working hours in excess of forty each week.

38.    Plaintiff was paid around $67,000 annually.

39.    Upon information and belief, other Hub Operations Supervisors were paid a similar amount.

40.    Plaintiff and other Hub Operations Supervisors were not paid overtime wages for hours worked over forty per week.

41.    At all relevant times herein, Defendant has deprived Plaintiff and other salaried Hub Operations Supervisors of overtime compensation for all of the hours worked over forty per week.

42.    Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's locations because the policy was a

centralized human resources policy implemented uniformly from the corporate headquarters.

43.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

44.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Minimum wages for all hours worked;

B.     Overtime premiums for all hours worked in excess of forty per week;

C.     Liquidated damages; and

D.     The costs of this action, including attorney's fees.

46.     Plaintiff proposes the following class under the FLSA:

**All salaried Hub Operations Supervisors, and all salaried employees whose duties are similar to Hub Operations Supervisors, who within the past three years.**

47.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

48.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They worked more than 40 hours in most or all weeks;

B.     They had substantially similar job duties, requirements, and pay provisions;

C.     They were paid a salary;

D.     They were misclassified by Defendant as exempt from the overtime requirements of the FLSA; and

E.     They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week.

50.     Plaintiff is unable to state the exact number of the collective but believes that there are at least twenty other employees who worked as Hub Operations Supervisors and were misclassified as salaried employees.

51.     Defendant can readily identify the members of the Section 16(b) collective, which encompasses all salaried Hub Operations Supervisors.

52.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.    At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56.    At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.    At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

60.    Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

61.    Defendant's failure to pay Plaintiff all wages owed was willful.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

63.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65.     At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67.     At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

68.     Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly

situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

69.     Defendant failed to pay Plaintiff and all other similarly situated employees a lawful minimum wage for all hours worked.

70.     Defendant's failure to pay Plaintiff and all others similarly situated all wages owed was willful.

71.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

72.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

73.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

74.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75.     Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

76.     Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over

forty each week.

77.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

78.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jared Santiago, individually on behalf of all others similarly situated, respectfully prays as follows:

A.      That Defendant be summoned to appear and answer this Complaint;

B.      A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.      Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

E.      Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

F.      An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JARED SANTIAGO, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JARED SANTIAGO, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 4:21-cv-_____

**UNITED PARCEL SERVICE, INC.**                              **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

     I was employed as a salaried worker for United Parcel Service, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

                                      _____
                                        **JARED SANTIAGO**
                                        May 18, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**