IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JARED SANTIAGO**                                                        **PLAINTIFF**

vs.                                  No. 4:21-cv-428-JM

**UNITED PARCEL SERVICE, INC.**                               **DEFENDANT**

**FIRST AMENDED AND SUBSTITUTED COMPLAINT**

COMES NOW Plaintiff Jared Santiago ("Plaintiff"), by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, pursuant to Rule 15(a)(1), and for his First Amended and Substituted Complaint against United Parcel Service, Inc. ("Defendant"), he does hereby state and allege as follows:

**I.**     **PRELIMINARY STATEMENTS**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff for all hours that Plaintiff worked.

2. The purpose of this amendment is to clarify the nature of the FLSA and AMWA violation alleged and clarify the facts and circumstances surrounding the FLSA and AMWA violation.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as her FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Plaintiff was employed by Defendant within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and a resident of Saline County.

9. Defendant is a foreign, for-profit corporation.

10. Defendant's registered agent for service of process is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

11. Defendant, in the regular course of business, maintains a website at https://www.ups.com/us/en/global.page? .

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant provides packaging and shipping services.

14. Defendant had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as vehicles and machinery such as forklifts.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

17. Within the three years preceding the filing of this lawsuit, Defendant has continuously employed at least four employees.

18. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA and the AMWA.

19. Plaintiff was employed by Defendant from June of 2013 until the present as a Hub Operations Supervisor.

20. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

21. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

22. As a Hub Operations Supervisor, Plaintiff's duties consisted of unloading and sorting packages, and facilitating the unloading and sorting of packages from trucks.

23. Plaintiff did not hire or fire any other employee.

24. Plaintiff was not asked to provide input as to which employees should be hired or fired.

25. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

26. Plaintiff's primary duties were repetitive, rote or mechanical tasks which were subject to close review and management.

27. Plaintiff sought input from his supervisors in lieu of making significant decisions on his own.

28. In carrying out his duties, Plaintiff followed the processes set by Defendant and others.

29. Plaintiff regularly worked over forty hours each week.

30. Plaintiff estimates he regularly worked approximately 55 to 60 hours per week.

31. Specifically, Plaintiff's regular schedule required him to work from 3:00 pm until 12:00 a.m. or later, Monday through Friday.

32. Plaintiff performed his work on Defendant's premises.

33. Defendant knew or should have known that Plaintiff was working hours in excess of forty each week.

34. Plaintiff was paid around $67,000 annually.

35. Plaintiff was not paid overtime wages for hours worked over forty per week.

36. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours worked over forty per week.

37. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.  FIRST CAUSE OF ACTION
### Violation of the FLSA

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all times relevant hereto, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption rules under 29 U.S.C. § 213 and all accompanying DOL regulations.

43. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

44. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

45. Defendant's failure to pay Plaintiff all wages owed was willful.

46. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of the Original Complaint.

## VI.  SECOND CAUSE OF ACTION
### Violation of the AMWA

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

49. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

50. Section 211 requires employers to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

52. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of the Original Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jared Santiago respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this First Amended and Substituted Complaint;

B.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C.   Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

D.   Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

E.   An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper.

       Respectfully submitted,

       **PLAINTIFF JARED SANTIAGO**

       SANFORD LAW FIRM, PLLC
       Kirkpatrick Plaza
       10800 Financial Centre Pkwy, Suite 510
       Little Rock, Arkansas 72211
       Telephone: (501) 221-0088
       Facsimile: (888) 787-2040

       Colby Qualls
       Ark. Bar No. 2019246
       colby@sanfordlawfirm.com

       Josh Sanford
       Ark. Bar No. 2001037
       josh@sanfordlawfirm.com